LADIEW v. SHERWOOD METAL WORKING CO.

(Supreme Court, Appellate Division, Fourth Department.  March 4, 1908.)

1. MASTER AND SERVANT—INJURIES TO SERVANT—CONTRIBUTORY NEGLIGENCE.
   If an assistant metal press operator replaced his hands between the dies after he had once withdrawn them, in violation of a rule, and after the operator had commenced to lower the upper die, such assistant was negligent, precluding a recovery for injury to his hand from being caught between the dies.

   [Ed. Note.—For cases in point, see Cent. Dig. vol. 34, Master and Servant, § 749.]

2. SAME—FELLOW SERVANTS.
   Where plaintiff, an assistant metal press operator, testified that his hand was caught between the dies by the operator lowering the upper die before he had taken his hand out after placing certain metal strips between the dies, plaintiff and the operator were fellow servants, and plaintiff could not recover for injuries resulting from the operator's negligence.

3. SAME—DEFECTIVE MACHINE—PROXIMATE CAUSE.
   A metal press was fitted with pins set on springs, between which it was plaintiff's duty to place pieces of metal intended to be pressed.  Sometimes the metal strips were too long to fit between the pins without assistance from plaintiff, either with his hand or by the use of a screwdriver provided, and sometimes they were too short, so that it would be necessary to move them against the left-hand pin, either with the hand or the screw-driver.  The die only descended at the instance of plaintiff's fellow servant, the operator of the press, after the strips had been properly placed, and the hand or screw-driver removed.  Plaintiff was injured by the lowering of the die before he had taken his hand away.  *Held*, that the defectiveness of the machine, in that one of the pins was missing, was not the proximate cause of the accident.

4. TRIAL—INSTRUCTIONS—CURING ERROR.
   Where, in an action for injuries to a servant, the court charged unfavorably to defendant at length, with reference to the provisions of the labor law, and, when requested to give defendant an exception, withdrew all that portion of the charge from the jury by a single sentence, such withdrawal did not obviate the objection.

5. SAME.
   Where, in an action for injuries to a servant, the only theory on which a recovery could be had was defendant's failure to supply a pin missing from a machine, error in refusing to charge that plaintiff could not recover unless the jury found that the proximate cause was the failure to supply the pin, and that the accident would not have happened had the pin been in place, was not cured by a subsequent instruction that the failure to supply the pin must have been the proximate cause of the injury.

   McLennan, P. J., and Spring, J., dissenting.

Appeal from Onondaga County Court.

Action by Frank Ladiew, an infant, by James G. Tracy, his guardian ad litem, against the Sherwood Metal Working Company. From a judgment for plaintiff and from an order denying a motion for a new trial, defendant appeals. Reversed.

Argued before McLENNAN, P. J., and SPRING, WILLIAMS, KRUSE, and ROBSON, JJ.

White, Cheney, Shinaman & O'Neill, for appellant.
McMahon & Murphy, for respondent.

WILLIAMS, J. The judgment and order should be reversed, and a new trial granted, with costs to the appellant to abide the event.

The action is to recover damages for personal injuries, alleged to have resulted from defendant's negligence. The plaintiff was an employé in the defendant's screen manufactory, and working upon a punch press at the time he was injured. The press consisted of two dies, between which the metal binding strips were pressed into the metal frames. There was no wood in the frames. The lower die was stationary. The upper one was moved up and down by machinery. The operator of the press stood in front facing it. His assistant stood back of the press, also facing it. The operator controlled the power. His assistant had nothing to do with it. The upper die being raised, the assistant took a binding metal strip, V shaped, and put it in its place on the lower die, and took his hands away. The operator then put the metal frame in position against the binding strip, and by means of machinery lowered the upper die upon the lower one and pressed the screen parts together. There were two pins next the assistant at the bottom of the binding strip when placed in position, which operated as a barrier against which the binding strip was pressed by the screen when the latter was inserted between the dies by the operator. These pins were between the assistant and the binding strip when in position, and the operator pushed the screen against them. There were also two other pins in the lower die, one at each end of the binding strip when in position, so that the screen and strip would be in proper position as to each other when the pressing was done. The strips were supposed to be of the same length and to just fit in between these two end pins, but they were not always, so, sometimes they were a little long. If then they could be pressed down between the two pins, that was done. If not the strip was taken out and thrown aside. Sometimes they were a little short, and then they had to be pressed up against the left-hand pin leaving the space next the right-hand pin. These two end pins were upon springs, so that when the upper die came down they settled into the lower die, and when the dies separated they returned to their place again. A few days before the accident in question the right-hand pin was broken away, and then the binding strips had each time to be pressed against the left-hand pin, when they were put in place by the assistant, and that was the condition of things at the time of the accident. The plaintiff was the assistant, and when the dies came together one of his hands was caught between them, and he received the injuries for

which the action is sought to be maintained. It was the duty of the operator to wait until the assistant had removed his hands, after placing the binding strip, before he lowered the upper die. The assistant having once removed his hands was not permitted to again put them between the dies. If for any reason the binding strip was discovered out of position, a screw-driver which lay at hand was to be used to tap the strip into position. On the trial the plaintiff, the assistant, said the upper die was lowered before he took his hand out at all and caught it, while the operator said the assistant put his hand back between the dies after he had once taken it away, and after he had commenced to lower the upper die, and was thus caught. The upper die could not be stopped on its way down after it was once started.

If the operator's evidence was correct on this question then the plaintiff was guilty of contributory negligence, and could not recover at all. If the plaintiff's evidence was correct, then the operator, his co-employé was guilty of negligence, but for this the plaintiff could not recover. The only theory upon which a recovery could be had would be that notwithstanding the negligence of the operator was the direct cause of the injury, yet it would not have occurred but for the negligence of the defendant in allowing the machine to be in a defective and unsafe condition, in that the right-hand pin hereinbefore described was broken away and was absent at the time of the accident. But I am unable to see how the absence of this pin had anything to do with the accident. The die did not go down of its own accord at regular intervals. Each downward movement was caused by the operator. There could be no regularity in the motion when the pin was there. Sometimes the slips were too long and would not go to their places without help of the assistant with his hand or by the use of the screw-driver. Sometimes the slip would be too short, and would have to be moved up against the left-hand pin by the help of the assistant with his hand or the screw-driver. The operator was only to start the die down, after the slip had been properly placed and the hand or screw-driver removed. A failure of the operator to wait, if necessary, for this adjustment of the slip would spoil the slip or screen, if it did not injure the assistant. The only claim made in plaintiff's behalf upon this question is that it would take longer to adjust the slip without the right-hand pin than with it, but I fail to see how that consideration leads to the conclusion that the accident would not have occurred if the pin had been present. The die was not to be lowered until the adjustment was made and the hands removed.

There was proof given and a good deal said by the court in its charge about the provisions of section 81 of the Labor Law, Laws 1897, p. 480, c. 415, and those things may well have produced an impression upon the jury unfavorable to the defendant, which was hardly removed, when the court (upon being requested to give the defendant an exception to that part of the charge), by one sweep, withdrew all of it from the jury, and left to them only the liability from the defective machine. This practice of giving the jury facts and instructions at length, which are by a single sentence eliminated at the close of the charge, is prejudicial to the defeated party, and should

not be indulged in. The charge without this matter might very well have led to a different verdict from the one rendered by the jury. The court, moreover, refusd to charge the following request:

"That the plaintiff cannot recover in this case unless the jury find that the proximate cause was the failure of supplying the pin in question, and that the accident would not have happened had the pin been in place."

It did afterwards charge that it must have been the proximate cause, but that hardly cured the error of refusal to charge the request which was the only theory upon which a recovery could be had.

Reversal should be on the law and facts.

Judgment and order reversed, and new trial ordered, with costs to appellant to abide event, upon questions of law and fact. All concur, except Mc-LENNAN, P. J., and SPRING, J., who dissent.